UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21337-Civ-COOKE/TORRES

MPM 17A STR, LLC, a Florida
limited liability company,

    Plaintiff,

vs.

DANIEL SPITALNIC,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

THIS MATTER is before me upon Plaintiff's Motion for Entry of Default Final Judgment (ECF No. 17). I have reviewed the record and note the default entered by the Clerk of the Court (ECF No. 15) as to Defendant Daniel Spitalnic for failure to answer, appear, or otherwise respond to the Summons and Complaint. Additionally, on June 29, 2015, I issued an Order to Show Cause (ECF No. 16), affording Defendant Daniel Spitalnic an opportunity to demonstrate to this Court why a default judgment should not be entered against him in this matter. Defendant Daniel Spitalnic failed to respond to my Order. Therefore, after a review of the record and relevant legal authorities, and for the reasons stated herein, Plaintiff's Motion for Entry of Default Final Judgment is granted.

### I.  BACKGROUND

Plaintiff MPM 17A STR, LLC ("MPM 17A" or "Plaintiff") commenced this action against Defendant Daniel Spitalnic ("Mr. Spitalnic" or "Defendant") for breach of contract. *See generally* Compl., ECF No. 1. More specifically, Plaintiff alleges that on March 27, 2014, Defendant, acting in his position as manager and registered agent of 612 15 St, LLC ("612"), executed a Continuing Guaranty (the "Guaranty") of a Mortgage Note (the "Note") secured by a Mortgage Deed (the "Mortgage"), which encumbered commercial real property located in Miami-Dade County, Florida. *Id.* at ¶ 6. The Note was executed in favor of Action Realty & Investments, Inc. ("Action Realty") in the amount of two hundred fifty thousand dollars ($250,000.00). *Id.* at ¶ 9. On March 23, 2015, Action Realty, 612, and Plaintiff entered into a Sale and Assignment Agreement (the "Assignment Agreement") wherein Action Realty

assigned Plaintiff its interest in the Note, including Action Realty's right to all principal, unpaid interest, and fees due by 612 to Action Realty under the Note. *Id.* at ¶ 13. That same day, Plaintiff, as assignee of Action Realty, executed a Satisfaction of Mortgage (the "Satisfaction"), which released and discharged the Mortgage only. *Id.* at ¶ 14. However, the Satisfaction states that Plaintiff "expressly retains all rights and claims under the Mortgage Note against Mortgagee and any guarantor." *Id.* at ¶ 15. Then, on March 27, 2015, Defendant executed, in his personal capacity, a Guaranty wherein he guaranteed payment of the Note to Action Realty. *Id.* at ¶ 11. Paragraph Four of the Guaranty explicitly states that "[t]he obligations of the undersigned hereunder are independent of the obligations of the Borrower, and a separate action or actions for payment, damages or performance may be brought and prosecuted against the [Guarantor]." *Id.* at ¶ 19.

Plaintiff filed the instant action for breach of contract against Defendant for failure to make payments when due. After 612 defaulted under the terms of the Note, Plaintiff alleges that Defendant materially breached the terms of his Guaranty by failing to perform his obligations thereunder. *Id.* at ¶¶ 18, 21. Plaintiff further alleges that as a direct and proximate result of Defendant's breach of the Guaranty, Plaintiff has suffered damages in the amount of two hundred eighty eight thousand four hundred dollars and twenty seven cents ($288,400.27). *Id.* at ¶ 22. Plaintiff attempted to serve Defendant at his New York address on June 2, 2015 but was unsuccessful due to concealment and avoidance of service of process by Defendant. Mot. Entry Def. Final J. 4, ECF No. 17. Therefore, Plaintiff effectuated substitute service of process on Defendant by serving the Summons and Complaint on the Florida Secretary of State and mailing a copy of the Summons and Complaint via certified mail, return receipt requested to Defendant's New York address, where it was accepted. *Id.*

## II. LEGAL STANDARD

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a

default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

### III.   DISCUSSION

#### A.   Service of Process

Before addressing the merits of Plaintiff's claim, I will first address whether Plaintiff properly effectuated service of process on Defendant. Plaintiff alleges that Defendant is a resident of the state of New York engaged in business in the state of Florida, thereby bringing him under this Court's jurisdiction pursuant to Fla. Stat. § 48.193(a). Compl. ¶ 6. Through its own due diligence, Plaintiff determined that Defendant maintained two addresses in New York and attempted to effectuate service on Defendant at both addresses multiple times. *See* Aff. Support Substitute Service ¶¶ 4-16, ECF No. 12. However, Plaintiff was unable to effectuate service and believed that Defendant was "actively trying to avoid service in this action." *Id.* at ¶ 17. As a result, on May 29, 2015, Plaintiff served Defendant at the Florida Secretary of State pursuant to Fla. Stat. § 48.181, and mailed Defendant a copy of the Summons and Complaint via certified mail, return receipt pursuant to Fla. Stat. § 48.161. *Id.* at ¶¶ 17-18. The Florida Secretary of State accepted service on behalf of Defendant on June 2, 2015 and Plaintiff's Summons and Complaint was received at Defendant's New York address on June 8, 2015. *Id.* at ¶¶ 19-20.

Section 48.181, one of Florida's long-arm statutes, permits Florida's Secretary of State to accept service on behalf of nonresidents who engage in or carry on a business or business venture in the state of Florida. *See* Fla. Stat. § 48.181; *see also Pelycado Onroerend Goed B.V. v. Ruthenberg*, 635 So. 2d 1001, 1003 (Fla. 5th DCA 1994). The burden of pleading facts that support the applicability of substituted service falls on the party seeking to invoke the provisions of the long-arm statute. *Elmex Corp. v. Atlantic Fed. Sav. and Loan Ass'n of Ft. Lauderdale*, 325 So. 2d 58, 61 (Fla. 4th DCA 1976). To determine whether long-arm jurisdiction is appropriate for substituted service, the complaint must either plead a basis for jurisdiction pursuant to the language of Section 48.181 or allege sufficient jurisdictional facts to satisfy the statute. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *Sec.*

3

*Nat'l Bank v. Corporate Computer Grp., Inc.*, 847 So. 2d 573, 574 (Fla. 1st DCA 2003). Rule 1.070(h) of the Florida Rules of Civil Procedure states that "[w]hen service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service."

Plaintiff, in its Complaint, cites to both the statutory language of Florida's long-arm statute, as well as to facts supporting jurisdiction for substituted service. Plaintiff alleges that Defendant is "domiciled in the State of New York", that Defendant "conducted business in the State of Florida and purposefully directed his activities into the State of Florida," and that Defendant "executed a Continuing Guaranty…of a Mortgage Note…secured by a Mortgage Deed…which encumbered commercial real property located in Miami-Dade County, Florida." Compl. at ¶¶ 3, 6. Accepting these allegations as true, I find that the Defendants execution of a guaranty securing real property located in Florida sufficiently describes a business venture within the state of Florida. The legislative intent behind Fla. Stat. § 48.181 was to regard nonresidents who have availed themselves of the privilege of "dealing in goods, services, or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain," as operating a business or business venture. *DeVaney v. Rumsch*, 228 So. 2d 904, 907 (Fla. 1969). Here, Defendant participated in a venture regarding real property located within Florida, which is sufficient for this Court to assert long-arm jurisdiction over him. Therefore, since Plaintiff has met its burden of sufficiently alleging facts to invoke this Court's jurisdiction over Defendant under Fla. Stat. § 48.181, substitute service on the Florida Secretary of State was validly effected. *See Labbee v. Harrington*, 913 So. 2d 679, 684 (Fla. 3rd DCA 2005).

### B. Breach of Contract Claim

In order to bring a breach of contract action in the state of Florida, a Plaintiff must allege the following: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992). Plaintiff has adequately stated the proper elements for a breach of contract claim. Defendant executed a personal guaranty with Action Realty and was subsequently assigned Action's interest in the Note. Defendant then breached the terms of his Guaranty by failing to perform his obligations thereunder after 612 defaulted on the terms of the Note, thus causing Plaintiff to sustain damages in the amount of $288,400.27.

4

## IV. CONCLUSION

Therefore, for the reasons stated herein, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment (ECF No. 17) is **GRANTED**. Plaintiff shall recover from Defendant the amount of **$288,400.27**, which shall bear interest at the rate prescribed by 28 U.S.C. § 1961, as well as reasonable attorney's fees and costs, for which sum let execution issue. A separate judgment shall be issued in accordance with Federal Rule of Civil Procedure 58.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of July 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
Daniel Spitalnic, *pro se*